Fraser **WILKINS** and the Estate of Anne
C. B. Wilkins, Plaintiffs,

v.

**UNITED STATES** of America,
**Defendant.**

Civ. No. 71-0-214.

United States District Court,
D. Nebraska.

Oct. 4, 1972.

Robert L. Berry, Omaha, Neb., for plaintiffs.

William K. Schaphorst, U. S. Atty., D. Neb., for defendant.

## MEMORANDUM

DENNEY, District Judge.

Jurisdiction is founded upon the provisions of 28 U.S.C.A. § 1346 in this action for a refund of taxes. The controversy springs from the disallowance as a deduction the travel expenses attributed to the plaintiff Fraser Wilkins' wife, who had accompanied him on certain business trips in the years 1965 and 1966. This matter comes before the Court on stipulation of facts. The parties have submitted briefs, exhibits and the deposition of the plaintiff, Fraser Wilkins.

During the years in question, the plaintiff, Fraser Wilkins, was the Inspector General of the Foreign Service of the Department of State of the United States of America. In July and August of 1965, Fraser Wilkins made a trip to various parts of Eastern Europe in connection with his official inspection and representational duties as Inspector General of the Foreign Service. Anne C. B. Wilkins accompanied her husband on this official trip and the travel expenses attributable to her were deducted on their Joint Federal Income Tax Return (Form 1040) for the year 1965. In July and August of 1966, a similar trip was made to Latin America. Again, Mrs. Wilkins accompanied her husband

and deductions were taken for her travel expenses.

Upon audit of the plaintiffs' joint returns for the calendar years 1965 and 1966, the wife's travel expenses were disallowed and assessments were made in the amount of $926.65 for the year 1965 and $813.44 for the year 1966. By this action, the plaintiffs seek to recover those payments, together with interest. The statutes and regulations pertinent to the deductibility of travel expenses provide in part:

Internal Revenue Code of 1954 (26 U. S.C.):

SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES.

Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.

SEC. 162. TRADE OR BUSINESS EXPENSES.

(a) *In general.*—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

\* \* \* \* \* \*

(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; and

. . . .

Treasury Regulations on Income Tax (1954 Code) (26 C.F.R.):

§ 1.162–2 *Traveling expenses.*

(c) Where a taxpayer's wife accompanies him on a business trip, expenses attributable to her travel are not deductible unless it can be adequately shown that the wife's presence on the trip has a *bona fide business purpose.* The wife's performance of some incidental service does not cause her expenses to qualify as deductible business expenses. The same rules apply to any other members of the taxpay-

er's family who accompany him on such a trip. (emphasis added)

The question before the Court is whether the unreimbursed travel expenses attributed to Mrs. Wilkins are deductible as the ordinary and necessary business expenses of her husband. In that regard, the controlling issue is whether Mrs. Wilkins' presence on the trip served the bona fide business purposes of her husband. As to the question of what particular types of services performed by the wife will fulfil the "bona fide business purposes requirement" of the Regulation, a review of the reported cases does not reveal any clear test. However, pertinent to the facts of this case are those decisions that allow deduction of the wife's travel expense where the nature of the services performed by her have been social. *See,* e. g., Warwick v. United States, 236 F. Supp. 761 [D.Va.1964]; United States v. Disney, 413 F.2d 783 [9th Cir.1969]; McDonnell v. Commissioner, ¶67,018 P–H Memo TC. The *Disney* case, 413 F.2d at page 788 summarized the law as follows:

The critical inquiries are whether the dominant purpose of the trip was to serve her husband's business purpose in making the trip and whether she actually spent a substantial amount of her time in assisting her husband in fulfilling that purpose.

Before turning to the findings of fact, the Court notes that the deposition of the plaintiff, Fraser Wilkins may be characterized as the exemplification of complete candor; not once in the hundred odd pages of transcript is the credibility or competency of the plaintiff drawn into question; he met squarely and completely all questions posed by counsel for the United States.

The Court finds as follows: It was the policy of the State Department to have wives accompany the inspectors on official trips. Furthermore, Secretary of State Dean Rusk specifically requested that Mrs. Wilkins accompany the plaintiff, Fraser Wilkins. Mrs. Wilkins had a considerable amount of experience and background with the Foreign Serv-

ice. The trips themselves entailed an extremely tight schedule, whereby the Wilkins would stay at one post for one to five days and then move rapidly to the next. By its nature, the trip was not conducive to sightseeing and was not by any stretch of the imagination suited to a vacation purpose. Mr. Wilkins' functions on these inspection trips, for purposes of this opinion, may be divided into two areas: First, he gathered information on nearly all aspects of the operation of the posts; such information extended to the physical facilities, staffing, housing, office space, recreational facilities, school facilities, and other problem areas. The second function performed by Fraser Wilkins is revealed by the recited reasons for initiating the inspection trips, that is, the morale of Foreign Service personnel was adversely affected where they became isolated for long periods of time. With this in mind, these intermediate inspections were undertaken, not for the sole reason of gathering information, but also as a means of providing a psychological lift to the morale of Foreign Service personnel.

The Court finds that Mrs. Wilkins served a "bona fide business purpose" of her husband by substantially contributing to the accomplishment of both the information gathering mission, as well as that related to morale. By performing numerous incidental tasks, Mrs. Wilkins freed her husband to devote more of his time to substantive duties. By her contact with the families of Post personnel, Mrs. Wilkins was able to relay to her husband information about the conditions of the Post that he might not otherwise observe. In her "representational" capacity as guests and hostess, she furthered the ends of the State Department and the business of her husband. The majority of Mrs. Wilkins' time was spent in furtherance of her husband's business purposes.

Judgment will therefore be entered against the defendant in the total amount of $1,740.09, together with costs and interest as provided by law. Counsel for the plaintiffs is to prepare and submit to the Court an Order specifying the amount of the total judgment.